IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE, TENNESSEE

| | |
|---|---|
| SABRINA DANIEL, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Civil Case No.: |
| ) | |
| WALMART INC. f/k/a WAL-MART ) | |
| STORES, INC., and FARBERWARE ) | |
| LICENSING COMPANY, LLC d/b/a ) | |
| FARBERWARE COOKWARE, ) | JURY DEMANDED |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES
## AND JURY TRIAL DEMAND

Plaintiff SABRINA DANIEL, by and through the undersigned counsel, sets forth her claims against Defendants WALMART INC. f/k/a WAL-MART STORES and FARBERWARE LICENSING COMPANY, LLC d/b/a FARBERWARE COOKWARE, in this Complaint for Damages and Jury Trial Demand as follows:

## NATURE OF THE CASE

1. This is a negligence, strict products liability, and breach of warranty action to remedy the damages caused by latent safety defects present in Farberware 7-in-1 Programmable Pressure Cooker Models WM-CS6004W ("PRESSURE COOKER"):



2. The defective condition of the PRESSURE COOKER, known to Defendants but unknown to Plaintiff, caused permanent and debilitating injuries to SABRINA DANIEL.

## PARTIES

3. Plaintiff SABRINA DANIEL is an adult citizen of the State of Tennessee and a resident of Cheatham County, Tennessee. By filing this action, Plaintiff avails herself of the jurisdiction and venue of this Court.

4. Defendant Walmart Inc. f/k/a Wal-Mart Stores, Inc. ("WALMART") is incorporated in the State of Delaware and has a principal place of business located at 702 SW 8th St., Bentonville, Arkansas 72716. WALMART may be served with legal process through its agent for service of process: CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201. At all relevant times, WALMART was (and is) actively involved in the design, manufacture, marketing, import, distribution, and sale of consumer products, including the PRESSURE COOKER.

5. Defendant FARBERWARE LICENSING COMPANY, LLC d/b/a FARBERWARE COOKWARE ("FARBERWARE") is a Massachusetts Limited Liability Company and has a principal place of business located at 300 1st Avenue, Suite 300, Needham, Massachusetts 02494. At the time of Plaintiff's injuries on May 13, 2021, Meyer Corporation, U.S. was the sole shareholder of Defendant FARBERWARE and was organized under the laws of the State of California. At all relevant times, FARBERWARE was (and is) actively involved in the design, manufacture, marketing, import, distribution and sale of consumer products, including the PRESSURE COOKER.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(3) because this action is between a citizen of the State of Tennessee, a citizen of the State of Arkansas and a citizen of the State of Massachusetts, and the amount in controversy is in excess of $75,000.00 exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendant WALMART. Under Tennessee's long arm-statute, an appropriate basis exists for service of process on WALMART because WALMART has purposefully availed itself of the privilege of conducting business in the State of Tennessee. WALMART conducts business in Tennessee, in that it causes the consumer products it designs, tests, manufacturers, markets, distributes, and/or sells to be marketed, distributed, sold, and used within the State of Tennessee. Through its actions, WALMART has consented to the jurisdiction of this Court and should reasonably anticipate being haled into a Tennessee court.

8. This Court has personal jurisdiction over Defendant FARBERWARE. Under Tennessee's long-arm statute, an appropriate basis exists for service of process on

FARBERWARE because FARBERWARE has purposefully availed itself of the privilege of conducting business in the State of Tennessee. FARBERWARE conducts business in Tennessee, in that it causes the consumer products it designs, tests, manufactures, markets, distributes, and/or sells to be marketed, distributed, sold, and used within the State of Tennessee. Through its actions, FARBERWARE has consented to the jurisdiction of this Court and should reasonably anticipate being haled into a Tennessee court.

9. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this Judicial District.

### III. FACTUAL ALLEGATIONS

10. On May 13, 2021, Plaintiff SABRINA DANIEL was using the PRESSURE COOKER to prepare beans.

11. After the cooking cycle, Sabrina released the pressure release valve, and waited several minutes before opening the lid. When SABRINA DANIEL touched the lid to remove it, the PRESSURE COOKER exploded.

12. Despite the failsafe devices supposedly integrated as part of the design of the PRESSURE COOKER, the PRESSURE COOKER'S lid blew off with extreme force.

13. As it exploded, the PRESSURE COOKER sprayed super-heated liquid and steam across SABRINA DANIEL'S body.

14. As a result of the design and manufacturing defects present in the PRESSURE COOKER, SABRINA DANIEL has suffered permanent injuries to her abdomen and left thigh.

15. The pain, suffering, and injuries suffered by SABRINA DANIEL were proximately caused by the tortious acts and omissions of Defendants.

16. The PRESSURE COOKER's Owner's Manual, under the section "OPERATION – Protection Features," represents the following:

| Lid (22) | Mechanical safety feature that locks the lid in place with the inner ring, once enough pressure builds up in the appliance | Lid can only be removed once pressure level lowers to required levels |
|---|---|---|

This statement is unequivocally false. The design of the PRESSURE COOKER allowed SABRINA DANIEL to remove the lid with built-up pressure still inside the unit.

17. As a result, PRESSURE COOKERS are manufactured, assembled, sold, and distributed by Defendants with dangerous defects, and yet the Owner's Manual falsely represents the opposite.

18. Upon information and belief, Defendants designed, manufactured, purchased, tested, marketed, promoted, advertised, sold, distributed, and/or approved of the PRESSURE COOKER in Tennessee.

19. But for the negligent and defective design of the PRESSURE COOKER, Plaintiff SABRINA DANIEL would not have suffered the injuries she incurred as a result of this incident.

20. The defective condition of the PRESSURE COOKER was present in the PRESSURE COOKER when it left the control of Defendants.

21. Upon information and belief, Defendants were previously aware of other incidents of exploding PRESSURE COOKERS due to the identical design and manufacturing defects in the PRESSURE COOKER that maimed Plaintiff, yet Defendants failed to recall and remedy the defects in the PRESSURE COOKER or adequately warn SABRINA DANIEL of the latent danger caused by those known defects.

22. Plaintiff brings this Complaint in good faith based on the facts of the subject incident and examination of the remains of the PRESSURE COOKER.

## CAUSES OF ACTION

### COUNT ONE
### NEGLIGENCE

23. Plaintiff incorporates as if re-alleged paragraphs 1 through 22 above

24. Defendants are the designers, manufacturers, distributors, and/or sellers of the PRESSURE COOKER and are responsible for marketing, labeling, and/or sales of the PRESSURE COOKER into the stream of commerce, including a duty to assure that its product did not pose a significantly increased risk of bodily harm and that it provided sufficient warnings to consumers regarding any such risks.

25. Defendants breached their duties to exercise reasonable care in at least the following ways with respect to the subject incident:

   a) Failing to properly design the PRESSURE COOKER;

   b) Failing to properly test the PRESSURE COOKER;

   c) Failing to properly manufacture the PRESSURE COOKER; and

   d) Failing to provide proper and adequate warnings, instructions, and labeling for the PRESSURE COOKER.

26. Defendants knew or should have known from its testing that the PRESSURE COOKER posed a serious risk of bodily harm to consumers, including Plaintiff. Despite their knowledge, Defendants continued to manufacture, market, distribute, and/or sell the PRESSURE COOKER for use by consumers like Plaintiff.

27. Defendants are liable for Plaintiff's injuries.

### COUNT TWO
### STRICT LIABILITY

28. Plaintiff incorporates as if re-alleged paragraphs 1 through 27 above.

29. Defendants are strictly liable to Plaintiff under Tenn. Code § 29-28-102(2) for the injuries suffered by Plaintiff because the PRESSURE COOKER is unsafe for normal and anticipatable handing and use, thereby rendering the PRESSURE COOKER in a defective condition.

30. Defendants are strictly liable to Plaintiff under Tenn. Code § 29-28-102(7) for the injuries suffered by Plaintiff because it sold to Plaintiff the PRESSURE COOKER which was in a defective and unreasonably dangerous condition at the time it was sold, in that it was dangerous to an extent beyond that which is contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics.

31. Defendants are strictly liable to Plaintiff under § 29-28-102(8) for the injuries suffered by Plaintiff because a reasonably prudent manufacturer or seller would not have put the PRESSURE COOKER on the market given that the lid can be rotated and opened with normal force while the unit remains pressurized, rendering it unreasonably dangerous and thereby posing a serious risk of injury to consumers, including Plaintiff.

32. The risks inherent in the design, testing, manufacture, distribution, and/or sale of the PRESSURE COOKER, which rendered it defective and unreasonably dangerous, including, but are not limited to, the following:

  e) Failing to properly design the PRESSURE COOKER;

  f) Failing to properly test the PRESSURE COOKER;

  g) Failing to properly manufacture the PRESSURE COOKER; and

  h) Failing to provide proper and adequate warnings, instructions, and labeling for the PRESSURE COOKER.

33. Defendants acted intentionally, fraudulently, maliciously, and recklessly in designing, testing, manufacturing, marketing, distributing and selling the PRESSURE COOKER because it had knowledge of the risks of life and limb when it manufactured, sold, and/or supplied the PRESSURE COOKER. Such conduct warrants the imposition of punitive damages against Defendants.

34. At the time Defendants designed, tested, manufactured, marketed, distributed, and/or sold the PRESSURE COOKER, Defendants knew, or should have known, that an injury would occur such as that described in this Complaint.

35. The design defects in the PRESSURE COOKER proximately caused Plaintiff's injuries.

36. Defendants are liable for all injuries and damages to Plaintiff related to this incident.

## COUNT THREE
## BREACH OF WARRANTY

37. Plaintiff incorporates as if re-alleged paragraphs 1 through 36 above.

38. The PRESSURE COOKER is a "good" and at all times the PRESSURE COOKER was placed into the stream of commerce by Defendants were "merchants" with respect to goods of this kind.

39. At all times relevant, Defendants knew of the intended and reasonably foreseeable use of the PRESSURE COOKER and impliedly and expressly warranted the product to be of merchantable quality and safe and fit for its intended and particular use and purpose.

40. Plaintiff reasonably relied upon Defendants' knowledge and expertise as designers, manufacturers, marketers, distributers, and/or sellers of consumer products and thus

relied upon their misrepresentations and warranties as to the merchantability, safety, and fitness of the PRESSURE COOKER.

41. Defendants breached all provisions in regard to implied warranties, warranty of merchantability, and usage of trade as provided in T.C.A. § 47-2-314 and fitness for a particular purpose as provided in T.C.A. § 47-2-315.

42. Defendants breached all provisions in regard to express warranties as provided in T.C.A. § 47-2-313.

43. Plaintiff suffered severe and permanent injuries as a direct and proximate result of Defendants' breaches of implied and express warranties.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

44. That proper process be issued upon Defendants and that Defendants be required to answer this Complaint within the time period allotted by law.

45. That this Court enter an Order granting Plaintiff a judgment against Defendants for compensatory damages in an amount in excess of $75,000.00, together with interest and costs, to be determined at trial.

46. Plaintiff further requests that punitive damages be assessed against Defendants in a fair and reasonable amount to punish and deter such future conduct.

47. That this Court enter an Order granting Plaintiff a judgment for damages, costs, attorney's fees, expert fees, and such other and further relief as the Court deems just and equitable.

48. That Plaintiff be granted a trial by jury on all issues.

49. That this Court enter an Order granting Plaintiff pre- and post-judgment interest along with attorney fees and costs as allowed by law.

50. For such other, further, special, extraordinary and general relief to which Plaintiff is entitled under the circumstances of this cause.

## JURY DEMAND

Plaintiff demands a trial by struck jury on all issues so triable.

Respectfully submitted this 11th day of May, 2022.

                              Respectfully submitted,

                              */s/ J. Curt Tanner*
                              J. Curt Tanner (TN BPR No. 37976)
                              Adam W. Pittman (ASB-146-A33P)
                              CORY WATSON, P.C.
                              2131 Magnolia Avenue, Suite 200
                              Birmingham, AL 35205
                              Phone: (205) 328-2200
                              Fax: (205) 324-7896
                              ctanner@corywatson.com
                              apittman@corywatson.com